IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| VICKI BATES, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-0253-K |
| | § | |
| MONARCH DENTAL SERVICES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Monarch Dental Services' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 6). The Court has carefully considered the motion, the response, the reply, the applicable law, and the relevant portions of the record. Because Plaintiff's case is barred by *res judicata*, the Court **GRANTS** Defendant's motion.

I.  Factual Background

As alleged in her Complaint for Declaratory Judgment ("Complaint"), Plaintiff Vicki Bates ("Plaintiff") purchased prosthodontic "goods and services" from Defendant Monarch Dental Services ("Defendant") on April 25, 2015. Plaintiff contends there was an implied warranty by Defendant that it would "provide prosthodontic goods and services by a qualified prosthodontists [sic] that was a

specialist" in certain areas. Plaintiff states that the dental treatment Defendant provided was begun by "qualified prosthodontists" as warranted by Defendant, but it was ultimately finished by a "regular Dentist". (It is unclear from the pleadings whether Plaintiff's treatment occurred in one visit or over multiple visits.) Plaintiff contends that because a general dentist completed her treatment "the goods and services rendered were defective," and she was forced to seek corrective work from an independent prosthodontist at additional expense to Plaintiff.

Plaintiff filed suit against Defendant in state court on April 28, 2017, asserting Defendant violated the Texas Deceptive Trade Practices Act ("DTPA") based on the prosthodontic treatment she received from Defendant. Subsequently, Defendant filed a motion for summary judgment in state court which the presiding judge granted on all grounds on January 3, 2018, dismissing Plaintiff's case with prejudice. On January 31, 2019, Plaintiff filed this suit against Defendant in federal court seeking a declaratory judgment based on the Magnuson-Moss Warranty Act ("MMWA"), alleging Defendant breached an implied warranty under Texas state law. Plaintiff asks the Court to "declare that Defendant as [sic] acted in violation of the provisions of the [MMWA]" and seeks "specific declaratory relief" of a judgment for $168,614 in damages. Defendant then filed this motion to dismiss.

II.     Analysis

   A.     **Legal Standard and Applicable Law**

In considering a Rule 12(b)(6) motion, a court must determine whether the plaintiff has sufficiently stated a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A well-pleaded complaint must allege facts upon which the claims are based and not be a conclusory recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state sufficient facts such that the "claim has facial plausibility" and is not merely "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff pleads a claim with facial plausibility when the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable." *Id.* The complaint must allege sufficient facts to "give the defendant fair notice" of plaintiff's claims against the defendant. *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The alleged facts must be facially plausible such that the facts nudge the plaintiff's claims "across the line from conceivable to plausible." *Id*. at 570. The Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). The Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v.*

*Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

The Court must generally determine a motion to dismiss for failure to state a claim based solely on the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Fifth Circuit also allows the district court to consider documents attached to the motion to dismiss when those documents "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

"[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *see Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper."). *Res judicata* is an affirmative defense which provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Therefore, "[d]ismissal on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the

pleadings." *Avila v. Ocwen Loan Servicing, LLC*, Cause No. SA-14-CA-0460-OLG, 2014 WL 12580450, at *2 (W.D. Tex. June 6, 2014) (citing *Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010)).

The Magnuson-Moss Warranty Act ("MMWA") creates a private cause of action allowing a "consumer" to sue a warrantor for damages related to a violation of a provision of the MMWA or a breach of a written or implied warranty. 15 U.S.C. § 2310(d)(1); *see Walton v. Rose Mobile Homes, LLC*, 298 F.3d 470, 474 (5th Cir. 2002). The MMWA defines "implied warranty" as meaning "an implied warranty arising under State law." § 2301(7). "The MMWA does not provide an independent basis for liability, but instead 'provides a federal cause of action for state law express and implied warranty claims.'" *Taliaferro v. Samsung Telecomms. Am., LLC*, Civil Action No. 3:11-CV-1119-D, 2012 WL 169704, at *10 (N.D. Tex. Jan. 19, 2012) (quoting *In re Sony Grand Wega KDF-EA10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1101 (S.D. Cal. 2010)).

B.     *Res Judicata*—Claim Preclusion and Issue Preclusion

Defendant argues first that Plaintiff's case must be dismissed because her federal lawsuit is barred by *res judicata*, both claim preclusion and issue preclusion. Defendant contends that claim preclusion applies because Plaintiff's federal lawsuit seeks to relitigate the same claims, or those which should have been raised, in her

state court lawsuit which was dismissed with prejudice. Defendant also contends issue preclusion applies because Plaintiff seeks to relitigate the same ultimate fact of her state court lawsuit. In her response, "Plaintiff concedes that this case meets the classic requirements for issue or claims preclusion under prevailing Texas law." Pl's Resp. (Doc. No. 11) at 1 ¶ 3. But she asserts that an exception to *res judicata* applies and cites *Exxon Mobil Corp. v. Schneiderman*, 316 F. Supp. 3d 679 (S.D. N.Y. 2018), in support.

The Court concludes Plaintiff's reliance on the *Exxon* case for her argument is misplaced. First, the *Exxon* court's analysis found issue preclusion did not apply in that case based upon *Massachusetts* state law. *Id.* at 699-700. Massachusetts state law is undeniably not applicable in the case before this Court. Additionally, the *Exxon* court specifically limited the exception arising under Massachusetts law to issue preclusion, finding that "[t]he same considerations do not apply to claim preclusion." *Id.* at 703. With nothing more in support of this argument, the Court is not persuaded let alone convinced that there is any exception to claim preclusion and/or issue preclusion which exists and applies in this case.

"A plaintiff cannot pursue a second lawsuit that arises from the same operative facts as those raised and adjudicated, or that could have been adjudicated, in a prior lawsuit." *Ratcliff v. Coker*, Civ. Action No. 9:08-CV-127, 2008 WL 4500321, at *2

(E.D. Tex. Sept. 26, 2008) (citing *Ocean Drilling & Expl. Co., Inc. v. Mont Boat Rental Servs., Inc.*, 799 F.2d 213, 216-17 (5th Cir. 1986)). Plaintiff's state court lawsuit, which was based on the same dental treatment at issue in this case, was dismissed with prejudice. "*Res judicata* operates as a complete bar to a plaintiff seeking to bring a second suit based on the same event or series of events, even if the plaintiff asserts additional facts or proceeds under a different legal theory and bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, not merely those that were adjudicated." *Avila*, 2014 WL 12580450, at * 2 (citing *Hall v. U.S.*, Civ. No. 6:06-CV-528, 2008 WL 276397, at *3 (E.D. Tex. Jan. 30, 2008)). Plaintiff concedes her federal case meets the requirements for issue preclusion and claim preclusion. *See Stevens v. Bank of Am.*, 587 F. App'x 130, 132-33 (5th Cir. 2014); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628-29 (Tex. 1992). Based on the record before the Court and applicable binding law, the Court finds Plaintiff's federal lawsuit is barred by *res judicata*. Defendant's motion to dismiss is **granted** on these grounds and Plaintiff's case is **dismissed with prejudice**.

## C. Defendant's Remaining Arguments

Even if the Court were to find *res judicata* does not bar Plaintiff's claim, the Court would nevertheless grant Defendant's motion to dismiss for the remaining arguments it asserted.

First, Defendant contends Plaintiff's claim must be dismissed because personal injury claims arising from a warranty breach are not cognizable under the MMWA. In a two-sentence response, Plaintiff argues that this proposition "has also been severely questioned," citing to a single district court case in support of her argument. This case, *Abedrabbo v. Topps Meat Co., LLC*, Civ. Action No. 09-01838, 2010 WL 5157890 (D. D.C. Dec. 21, 2010), does not support Plaintiff's assertion. Instead, *Abedrabbo* confirms that personal injuries claims are not cognizable under the MMWA unless the plaintiff's claim arises from a substantive provision of the MMWA. *Id.* at * 21-22. Even if *Abedrabbo* had "severely questioned" this, the well-established case law in the Fifth Circuit, which is binding on this Court, holds that the MMWA expressly "prohibits claims arising from personal injury based solely on a breach of warranty, express or implied." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1068 (5th Cir. 1984) (MMWA permits personal injury claims only for violations of substantive provisions of §§ 2308, 2304(a)(2), or 2304(a)(3)). Plaintiff's Complaint unequivocally premises her claim on breach of implied warranty

under state law and alleges personal injury damages for pain and suffering and emotional distress, as well as mental anguish.  *See* Doc. No. 1 at 4, ¶¶ 10, 11, 15.

In her response, Plaintiff attempts to recast her claim as arising under substantive provisions of MMWA—"Here, Plaintiff complains that the specific provisions of *Magnusson-Moss* [sic], *§ 104, 108, and 111(b)(2)*, give rise to her personal injury claims."  Pl's Resp. (Doc. No. 11) at 3 ¶ 5.  First, Plaintiff incorrectly cites the substantive provisions of the MMWA which Defendant allegedly violated.  *See* 15 U.S.C. §§ 2301-2312.  More importantly, Plaintiff has not amended her Complaint, nor has she sought leave of the Court to amend her Complaint.  Based on her live pleading, Plaintiff's MMWA claim undoubtedly remains premised on state law breach of implied warranty.  Therefore, Plaintiff's claim that arises from and seeks damages for personal injury based on her allegation of breach of implied warranty are not cognizable under the MMWA and must be dismissed.  *See Boelens*, 748 F.2d at 1065-66 (personal injury claims based only on breach of warranty are not cognizable under the MMWA).

Next, Defendant urges the Court to dismiss Plaintiff's case for failure to allege or identify a "consumer product" within the scope of the MMWA.  Defendant argues Plaintiff's repeated allegations of "goods and services" actually rest in large part, if not entirely, on the "services" Defendant provided to her, specifically the lack of

qualification and specialization of the general dentist who completed her treatment under Defendant. Plaintiff did not respond to this argument in her three-page response to Defendant's motion to dismiss. First, "services" are not contemplated by the MMWA which establishes a private cause of action for "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract." § 2310(d)(1). "Consumer" is defined as "a buyer of any consumer product" which is "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes." § 2301(1), (3). The allegations in the Complaint make two general references to "prosthodontic goods" and "prosthodontic implants", but Plaintiff never specifies or identifies the actual product allegedly at issue. Furthermore, the Court questions whether the "prosthodontic goods" and/or "prosthodontic implants" would fall within the definition of "consumer product" under the MMWA even if Plaintiff had identified the product. *See Bhatia v. 3M Co.*, 323 F. Supp. 3d 1082, 1103 (D. Minn. 2018) (court dismissed MMWA claim because specific product at issue, which was used in restorative dental treatments, was not "consumer product" as defined by MMWA because product was purchased by dental professionals and not sold directly to the patient, and was then surgically placed in the patient during dental treatment); *In re*

*Minn. Breast Implant Litigation*, 36 F. Supp. 2d 863, 876 (D. Minn. 1998) ("[C]ourts have held that surgically implanted medical devices are not 'consumer products' under the [MMWA] Act because 'they are not customarily available to the ordinary person.'") (quoting *Kemp v. Pfizer, Inc.*, 835 F. Supp. 1015, 1024-25 (E.D. Mich. 1993)); *Goldsmith v. Mentor Corp.*, 913 F. Supp. 56, 63 (D. N.H. 1995). The Court finds that Plaintiff wholly failed to identify a "consumer product" as required and defined by the MMWA, therefore, her claim must be dismissed. *See id.*

Defendant also contends Plaintiff's claim must be dismissed because it is barred by the Texas Statute of Frauds. Plaintiff also did not respond to this argument. The Texas Statute of Frauds provides that certain agreements or promises are not enforceable unless they are in writing and signed, and this includes "an agreement, promise, contract, or warranty of cure relating to medical care or results thereof made by a physician or health care provider as defined in Section 74.001, Civil Practice and Remedies Code." TEX. BUS. & COM. CODE § 26.01(a), (b)(8). A "health care provider" is defined as a person, partnership, professional association, or corporation providing health care which includes a dentist. TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(A). As previously noted, Plaintiff's claim is premised on a breach of implied warranty under Texas state law arising from the dental treatment she received from Defendant, a health care provider. For an alleged warranty to be

enforceable, Texas statutory law requires a writing signed by Defendant which constitutes a warranty of care, promise, or agreement. TEX. BUS. & COM. CODE § 26.01(a), (b)(8). The record before the Court does not establish that Plaintiff satisfied the requirements of the Statute of Frauds. Having failed to respond to Defendant's argument, Plaintiff did not offer any argument as to why her claim falls outside the scope of the Statute of Frauds. Accordingly, the Court finds the Texas Statute of Frauds bars Plaintiff's underlying breach of warranty claim. Because the Court found her state law breach of implied warranty claim is barred, Plaintiff cannot maintain her MMWA claim because "[t]he MMWA does not provide an independent basis for liability." *Taliaferro*, 2012 WL 169704, at *10; *see also* 15 U.S.C. § 2301(7) ("implied warranty" as meaning "an implied warranty arising under State law."). Plaintiff's claim must be dismissed as being barred by the Texas Statute of Frauds.

Finally, Defendant contends that Plaintiff is barred by limitations from asserting a pendant Texas Deceptive Trade Practices Act ("DTPA") claim. Again, Plaintiff does not respond to this argument. It is unclear from Plaintiff's Complaint if she is indeed asserting such a claim. Therefore, in an abundance of caution, the Court addresses this argument. Plaintiff alleges her dental treatment from Defendant began on April 29, 2015. There are no allegations regarding the date on which the

corrective dental treatment began, but the cost estimate submitted by Plaintiff with her Complaint indicates a date of March 17, 2016. Any action brought under the Texas DTPA must be brought within two years of the date on which the false, misleading, or deceptive act or practice occurred or within two years of discovering it. TEX. BUS. & COM. CODE § 17.565. Even taking the later date as the date of discovery triggering the statute of limitations, Plaintiff was required to bring any Texas DTPA claim by March16, 2018. Plaintiff filed this federal lawsuit on January 31, 2019, well after the two-year limitation. Therefore, the Court concludes that any Texas DTPA claim alleged by Plaintiff is hereby barred by the applicable two-year statute of limitations. *See id.*

### D. Dismissal Required

The Court finds Plaintiff's claim for a declaratory judgment of Defendant's violation of the MMWA based upon state law breach of implied warranty is barred by *res judicata*. Furthermore, even if not barred, Plaintiff's claim must be dismissed for failure to state a claim under the MMWA because: (1) Plaintiff's personal injury claim and those damages she seeks are prohibited under the MMWA; (2) Plaintiff failed to allege or identify a "consumer product" which could give rise to a private cause of action under the MMWA; (3) Plaintiff's underlying state law claim for

breach of warranty is barred by the Texas Statute of Frauds; and (4) any pendant Texas DTPA claim is barred by the statute of limitations.

III. Conclusion

For the foregoing reasons, the Court **grants** Defendant's motion to dismiss. Plaintiff's case is **DISMISSED WITH PREJUDICE** as being barred by *res judicata*.

**SO ORDERED.**

Signed October 9th, 2019.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE